IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. 35,454-06 & 35,454-07






EX PARTE THOMAS EARL NARD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 88F227 & 89F085 IN THE 5TH DISTRICT COURT


FROM CASS COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
of a child and delivery of a controlled substance and sentenced to twenty years' imprisonment on
each case to be served concurrently. 

 Applicant contends that he is illegally restrained because his sentences, which were
pronounced on May 1, 1989, should have discharged. Applicant has alleged facts that, if true, might
entitle him to relief. Ex parte Spann, 132 S.W.3d 390 (Tex. Crim. App. 2004). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit indicating whether or not Applicant has discharged his sentences, and if not, his
projected release date. The affidavit should list Applicant's sentence begin date and any periods of
time Applicant was released to mandatory supervision or parole. The affidavit should also include
the dates of issuance of any parole-revocation warrants leading to the revocation of such parole or
mandatory supervision. The affidavit should state whether Applicant is serving a sentence for, or
has previously been convicted of, an offense which was listed in Tex. Gov't Code § 508.149(a). 
The affidavit should state whether or not Applicant is receiving credit for any of the time he may
have spent on parole and/or mandatory supervision. Finally, if it is determined that Applicant is not
within 180 days of his projected release, the affidavit should indicate whether or not Applicant has
submitted his claim to the time credit resolution system of TDCJ, and if so, the date when the claim
was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant's sentences have discharged. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: October 21, 2009

Do not publish